IsRAEL G. HAMMON, Respondent, *v.* ROBERT DOUGLAS, Appellant.

1. *Landlord and tenant — Holding over — Act of 1869, effect of.* — Section 13 of the landlord and tenant act, as amended by that of 1869 (Sess. Acts 1869, p. 68), by which tenancies not in writing are made to be from month to month, will operate upon an implied tenancy at will, where the tenant holds over under a written lease, although the lease was made prior to the passage of the act.

*Appeal from Buchanan Court of Common Pleas.*

*Chandler & Sherman*, for appellant.

*Grubb, Thomas & Ramey*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The former suit between the same parties, and which has been considered at this term, was for one month's rent, ending March 6, 1870; and the judgment against him for such rent was sustained upon the ground that there was, even under the letter of the statute, a tenancy at will, which would make him liable for the month's rent. The present suit was for rent for the three succeeding months, and judgment was rendered against the defendant accordingly, upon his answer. We have only to consider, then, whether the answer set up a valid defense.

The defendant, after admitting the original lease, and denying that he held under it, avers that on the 6th of November, 1867, he and his then partner took a written lease for one year at $166.66 per month; that at the expiration of the lease the partnership was dissolved, but that he continued in possession under a verbal arrangement that he should occupy without a lease, and that the parties should do right by each other, and so held until February 1, 1870, when he removed from the premises and gave up possession to the plaintiff, having before notified him that he should leave; and that he has fully paid the rent until February 7, 1870. The answer further sets up that on the 2d of April, 1870, he gave the plaintiff notice, in writing, that on the 6th of May following he would terminate his tenancy and surrender the premises; if it had not already been done, and avers that the plaintiff was in possession of the same during the months for the rent for which suit was brought.

This answer makes, under section 13 of the landlord and tenant act, as amended in 1869, an estate from month to month, to be terminated by notice in writing. The suit was for rent for the months ending April 6, May 6, and June 6. No written notice was given until April 2, and under that the tenancy would terminate on the 6th of May. The judgment, however, was given for rent to the 6th of June, and was so far erroneous.

The plaintiff claims that, inasmuch as the original lease was given before the amendment to said section 13, which was passed March 3, 1869 (Sess. Acts 1869, p. 68), and took effect ninety

days thereafter (Wagn. Stat. 894, § 4), the implied tenancy by holding over cannot be controlled by such amendment. But we cannot so limit its effect. This new clause is broad and sweeping, as much so as the first section of the statute of frauds, and would not have been necessary but for the construction considered in the former case, which had been given to such section. The Legislature seems to have been willing to leave the implied tenancies appearing to be contrary to the statute in force, so far as farming tenements and lands are concerned; but, as to town property, determined by this amendment that the statute should be enforced according to its terms; and to avoid the implied tenancy, which may grow out of one at will, provided that all verbal lettings "shall be held and taken to be tenancies from month to month." This amendment does not affect the written lease, but only gives the legal effect of those that are contrary to the statute of frauds, and thus fixes the kind of lease to be implied from a verbal permission to occupy.

The defendant had occupied some fifteen months after the written lease had run out, and even when he first held over, if he should be considered as a tenant from year to year, such tenancy would at least be terminated at the expiration of the first year, which was after the amendment took effect. No new yearly tenancy could afterwards be held; and, further, the answer does not admit a holding over, but avers a parol letting, which the statute makes a monthly one.

There might be a doubt as to the effect of the last averment in the answer, that the plaintiff was in possession after the defendant left; but, taking it in connection with the rest of the answer, the pleader cannot mean that he entered and re-let it, or occupied it for the purposes of a store, or that he received any benefit from it during that time. Had it been so, the answer would have shown it.

We are of opinion that, upon defendant's answer, the plaintiff was entitled to judgment for two months' rent and no more, and the judgment rendered below will be reversed, and judgment entered in this court accordingly. The other judges concur.